**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

APR 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JOSE LUIS MARTINEZ,

      Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

      Respondent.

No. 22-1802

Agency No.
A200-947-235

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Department of Homeland Security

Submitted March 29, 2024[**]
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

    Jose Luis Martinez (Luis Martinez), a native and citizen of Mexico, petitions

for review of a determination by an Immigration Judge (IJ) that he failed to

establish a reasonable fear of future persecution or torture sufficient to warrant a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

hearing on the merits of his claim for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

"We review an IJ's determination that [a non-citizen] did not establish a reasonable fear of persecution or torture for substantial evidence, which means that we must uphold the IJ's conclusion unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary." *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021) (citation and alterations omitted).

**1.** Substantial evidence supports the IJ's determination that Luis Martinez failed to establish a nexus between a protected ground and past harm. Martinez having been robbed over ten years ago by random people did not establish a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010), *as amended* ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground. . . .") (citations omitted).

**2.** The IJ's determination that there is not a reasonable probability of future harm on account of Luis Martinez being a family member of his uncle, who was murdered by members of the cartel, is also supported by substantial evidence. The record reflects that only one of Luis Martinez's two cousins living in the area where his uncle was killed has been threatened by the cartel. The cousin who was threatened had also reported the uncle's killers to the police and had a close

relationship with Luis Martinez's uncle, whereas Luis Martinez has not lived in Mexico for over a decade. And he was not residing there when his uncle was murdered. *See Sharma v. Garland*, 9 F.4th 1052, 1065 (9th Cir. 2021) (concluding that the petitioner failed to establish a reasonable fear of persecution because "there [was] an insufficient basis in the record to conclude that [the petitioner's persecutors] would have a continuing interest in [the petitioner]").

**PETITION DENIED.**